IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN GALE FRANK et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | MDL NO. 3:09-MD-2099-N |
| v. | § | |
| | § | |
| THE COMMONWEALTH OF ANTIGUA AND BARBUDA, | § | |
| | § | CIVIL ACTION NO. 3:09-cv-2165-N |
| | § | |
| Defendant. | § | |
| | | |
| STEVEN QUEYROUZE et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-cv-304-N |
| | § | |
| BANK OF ANTIGUA et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT ANTIGUA AND BARBUDA'S
MOTION FOR LEAVE TO FILE SUR-REPLY
IN OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY</u>**

Defendant Antigua and Barbuda respectfully requests leave to file the attached Sur-reply in opposition to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (the "Discovery Motion"). This leave is requested for good cause, namely that Antigua and Barbuda may respond to legal contentions raised for the first time in Plaintiffs' Reply.

In response to the Antigua and Barbuda's motions to dismiss based on sovereign immunity and for failure to state a claim,[1] Plaintiffs moved for leave to conduct jurisdictional discovery. Antigua and Barbuda timely filed a Response, rebutting the arguments raised in the Discovery Motion. Plaintiffs then filed their Reply, raising three new contentions not raised in their Discovery Motion and to which Antigua and Barbuda has not had an opportunity to respond. Those three arguments are: (1) that their misinterpretation of a burden-shifting standard discussed in a case not cited in their Discovery Motion should apply here;[2] (2) that their improper filing of a fraudulent transfer claim permits them to raise directly the express waivers in contracts to which they were not parties;[3] and (3) that the Court should ignore the scope of requested discovery proposed in their Discovery Motion, and instead permit them to first propound discovery on Antigua and Barbuda.[4]

Because it was improper for Plaintiffs to raise these new contentions for the first time in their Reply,[5] Antigua and Barbuda now seeks leave to file the attached Sur-reply. The Sur-reply is limited to responding to these three new arguments, and Antigua and Barbuda rests on its Response Opposing Discovery for the few other issues raised in Plaintiffs' Reply. Accordingly, for this good cause, Antigua and Barbuda requests leave to file the attached Sur-reply.

---

[1] Motion to Dismiss Based on Foreign Sovereign Immunity and For Failure to State a Claim, *Frank v. Commonwealth of Ant. & Barb.*, No. 3:09-cv-02165-N (N.D. Tex.) (Doc. No. 26); Motion to Dismiss Based on Foreign Sovereign Immunity and For Failure to State a Claim, *Queyrouze v. Bank of Antigua*, No. 3:10-cv-00304-N (N.D. Tex.) (Doc. No. 6).

[2] *See* Reply at 3-5 (citing *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009)). *O'Bryan* is not cited in Plaintiffs' Discovery Motion, and cited in Antigua and Barbuda's Reply for the proposition that courts apply the distinction between facial and factual motions to dismiss based on jurisdiction in the context of foreign sovereign immunity, *see* Response at 5.

[3] *E.g.,* Reply at 7-8.

[4] Reply at 10.

[5] *See, e.g.*, *Smith v. Xerox Corp.*, 584 F. Supp. 2d 905, 915 n.18 (N.D. Tex. 2008) (Godbey, J.) ("The Court will not consider an argument raised for the first time in a reply.").

WHEREFORE Defendant Antigua and Barbuda respectfully requests that this Court grants Antigua and Barbuda leave to file the attached Sur-reply and orders the Clerk to file the Sur-reply as of this date.

February 15, 2011.

        Respectfully submitted,

        HOGAN LOVELLS US LLP

        By:    */s/ Tom Bayko*
                Tom Bayko
                State Bar No. 01864500
                Trevor Jefferies
                State Bar No. 00790963
                Joshua Newcomer
                State Bar No. 24060329
                700 Louisiana Street, Suite 4300
                Houston, Texas 77002
                Telephone: (713) 632-1425
                Facsimile: (713) 583-6021

                David Dunn (*pro hac vice pending*)
                875 Third Avenue
                New York, NY 10022
                Telephone: (212) 918-3515
                Facsimile: (212) 918-3100

CERTIFICATE OF CONFERENCE

I certify that, on February 14 and 15, 2011, counsel for Defendant conferred with counsel for Plaintiff regarding the relief requested herein. Counsel for Plaintiff stated that they are opposed to the relief requested herein.

        */s/ Tom Bayko*
        Tom Bayko

CERTIFICATE OF SERVICE

       On February 15, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

| | |
|---|---|
| Paul B Lackey | Gregory A Blue |
| Email: pbl@lhlaw.net | Email: gblue@mfbnyc.com |
| Jamie R Welton | Peter D Morgenstern |
| Email: jrw@lhlaw.net | Email: pmorgenstern@mfbnyc.com |
| LACKEY HERSHMAN | MORGENSTERN & BLUE LLC |
| 3102 Oak Lawn Ave | 885 Third Ave |
| Suite 700 | New York, NY 10022 |
| Dallas, TX 75219 | 212/750-6776 |
| 214/560-2206 | Fax: 212/208-6870 |
| Fax: 214/560-2203 | |

                                              */s/ Tom Bayko*
                                              Tom Bayko

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN GALE FRANK et al., | § § | |
| Plaintiffs, | § § | MDL NO. 3:09-MD-2099-N |
| v. | § § | |
| THE COMMONWEALTH OF ANTIGUA AND BARBUDA, | § § § | CIVIL ACTION NO. 3:09-cv-2165-N |
| Defendant. | § § | |
| STEVEN QUEYROUZE et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-cv-304-N |
| BANK OF ANTIGUA et al., | § § § | |
| Defendants. | § | |

**ORDER GRANTING LEAVE TO FILE SUR-REPLY**

The Court, having considered the Motion for Leave to File a Sur-reply of Defendant Antigua and Barbuda, is of the opinion that the Motion should be GRANTED. It is

ORDERED that the Motion for Leave is GRANTED. It is further

ORDERED that the Clerk shall file the Sur-reply attached to Motion for Leave as of the date of filing of the Motion for Leave.

SIGNED this the ___ day of _____, 2011.

_____
JUDGE DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOAN GALE FRANK et al., | § § § | |
| Plaintiffs, | § § | MDL NO. 3:09-MD-2099-N |
| v. | § § | |
| THE COMMONWEALTH OF ANTIGUA AND BARBUDA, | § § § | CIVIL ACTION NO. 3:09-cv-2165-N |
| Defendant. | § § | |
| STEVEN QUEYROUZE et al., | § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:10-cv-304-N |
| BANK OF ANTIGUA et al., | § § § | |
| Defendants. | § § | |

## DEFENDANT ANTIGUA AND BARBUDA'S SUR-REPLY
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT
## JURISDICTIONAL DISCOVERY

HOGAN LOVELLS US LLP
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 632-1425
Facsimile: (713) 583-6021

**COUNSEL FOR DEFENDANT ANTIGUA AND BARBUDA**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ....................................................................................................................... 1

    1.     Plaintiffs' new burden-shifting argument misrepresents the law and fails to provide a valid basis for jurisdictional discovery. .......................... 1

    2.     Plaintiffs attempt to distract the Court from their initial burden by claiming that inapplicable waivers in legally irrelevant contracts apply to their fraudulent transfer claim. ............................................................. 5

    3.     Plaintiffs retreat from their prior improper requests for discovery; but fail to provide the Court with a meritorious reason to allow *any* discovery. ..................................................................................................... 8

CONCLUSION .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc.*,
  179 F.3d 1279 (11th Cir. 1999)...............................................................................................6

*Arriba Ltd. v. Petroleos Mexicanos*,
  962 F.2d 528 (5th Cir. 1992) .................................................................................... 1, 2, 4, 9

*Belhas v. Ya'alon*,
  466 F. Supp. 2d 127 (D.D.C. 2006) .........................................................................................4

*Berces v. Kombinat*,
  No. 94 Civ 3381, 1995 WL 640486 (S.D.N.Y. Oct. 31, 1995) ................................................4

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009)................................................................................................4

*Ferrer v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007) ...................................................................................................2

*First Nat'l City Bank v. Banco Para El Comercio*,
  462 U.S. 611 (1983) ................................................................................................................2

*Kilburn v. Socialist People's Libyan Arab Jamahiriya*,
  376 F.3d 1123 (D.C. Cir. 2004) ...............................................................................................4

*Maritime Int'l Nominees Establishment v. Republic of Guinea*,
  693 F.2d 1094 (D.C. Cir. 1982) ...............................................................................................6

*MortgageAmerica Corp. v. Am. Nat'l Bank of Austin*,
  714 F.2d 1266 (5th Cir. 1983) .................................................................................................7

*O'Bryan v. Holy See*, 471 F. Supp. 2d 784 (W.D. Ky. 2007) ........................................................3

*O'Bryan v. The Holy See*, 556 F.3d 361 (6th Cir. 2009)............................................................3, 4

*Peterson v. Islamic Republic of Iran*,
  563 F. Supp. 2d 268 (D.D.C. 2008) .........................................................................................4

*Pitman v. Lightfoot*,
  937 S.W.2d 496 (Tex. App.—San Antonio 1996)...................................................................7

*S.E.C. v. Stanford Int'l Bank Ltd.*,
  No. 3:09-cv-00298-N (N.D. Tex. July 19, 2010).....................................................................8

*Smith v. Xerox Corp.*,
 584 F. Supp. 2d 905 (N.D. Tex. 2008) ................................................................................3

*World Wide Minerals, Ltd. v. Republic of Kazakhstan*,
 296 F.3d 1154 (D.C. Cir. 2002) ..................................................................................6, 7


**STATUTES**

28 U.S.C. § 1330..........................................................................................................................2

28 U.S.C. § 1331..........................................................................................................................2

28 U.S.C. § 1367..........................................................................................................................2

28 U.S.C. § 1602 *et seq.* .............................................................................................................2

28 U.S.C. §1605...........................................................................................................................2

28 U.S.C. § 2370..........................................................................................................................2


**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)...............................................................................................................4

**ARGUMENT**

Plaintiffs improperly raise new arguments in their Reply and fail to respond to the arguments raised in Antigua and Barbuda's Response in Opposition to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery ("Response"). Antigua and Barbuda files this Sur-Reply to respond to plaintiffs' improper new arguments, and abides by its other positions, articulated in the Response, that Plaintiffs' jurisdictional allegations are deficient and cannot support discovery. While Plaintiffs' Reply does not address most—or cure any—of the deficiencies raised in the Response, should the Court elect to entertain plaintiffs' improper new arguments, Antigua and Barbuda refutes them here. First, the Court should reject Plaintiffs' misapplication of another jurisdiction's burden-shifting paradigm as an attempt to obscure their failure to plead jurisdictional facts. Second, the Court should reject Plaintiffs' claims that two express waivers of sovereign immunity extend beyond their clear terms or somehow justify discovery with respect to implied waivers. Third, the Court should not permit Plaintiffs' retreat from their prior overbroad discovery requests—set forth in their Motion for Leave to Conduct Jurisdictional Discovery ("Discovery Motion")—to open the door to unwarranted and futile discovery based on deficient pleadings.

    **1.    Plaintiffs' new burden-shifting argument misrepresents the law and fails to provide a valid basis for jurisdictional discovery.**

Instead of coming forward with factual pleadings that support their Discovery Motion, Plaintiffs improperly attempt to recast this dispute as one of burden-shifting and incorrectly claim that the burden is now on Antigua and Barbuda. Fifth Circuit precedent directs that this Court "should order jurisdictional discovery circumspectly and only to verify allegations in the Complaint of specific facts crucial to an immunity determination." *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992). Plaintiffs concede that the "initial Motions to

Dismiss may have been, at the outset, 'facial attacks' on the pleadings."[1] With that concession, Plaintiffs retain the burden to point to allegations in each of their Complaints sufficient to sustain an exception to immunity the Foreign Sovereign Immunities Act,[2] a burden Plaintiffs fail to meet. Under these circumstances, Fifth Circuit law[3] instructs this Court to dismiss the case.

In a desperate attempt to avoid that result, Plaintiffs contend that they have "clearly alleged jurisdiction over Antigua under FSIA,"[4] citing for this proposition Paragraph 32 of the *Frank* Complaint and Paragraph 28 of the *Queyrouze* Complaint. Paragraph 32 of the *Frank* Complaint states in full: "This Court has jurisdiction pursuant to 28 U.S.C. §§ 1330, 1605(a)(1), 1605(a)(2), and 1605(a)(3) in that this is an action against a foreign state; 28 U.S.C. § 1331 in that this case presents federal questions; and supplemental jurisdiction under 28 U.S.C. § 1367." Paragraph 28 of the *Queyrouze* Complaint states in full: "This Court has jurisdiction pursuant to 28 U.S.C. §§ 1330, 1605(a)(1), 1605(a)(2), and 1605(a)(3); 28 U.S.C. § 2370(e); and supplemental jurisdiction under 28 U.S.C. § 1367." Citations to the FSIA statute are patently conclusory, and thus need not be accepted by the Court.[5]

---

[1] Reply at 5. As explained in the Response Opposing Discovery, the Court should reject Plaintiffs attempt to classify Antigua and Barbuda's Motions to Dismiss as factual rather than facial. *See* Response Opposing Discovery at 12-16. With regard to the separate juridical status of Financial Services Regulatory Commission ("FSRC") and its administrator Leroy King's acceptance of bribes, Plaintiffs' Reply does not address Antigua and Barbuda's legal argument based on *First Nat'l City Bank v. Banco Para El Comercio*, 462 U.S. 611, 626 (1983) (hereinafter "*Bancec*") and *Arriba*, 962 F.2d at 533, that "[f]oreign instrumentalities and agencies are accorded a presumption of independent status" and that Plaintiffs bear the initial burden of showing otherwise. Response Opposing Discovery at 15 n.40; *Frank* Motion to Dismiss at 11-14. Considering their admissions that the FSRC is a distinct juridical entity, *see Frank* Compl. ¶ 151, and that King worked for the FSRC, *id.* at ¶ 24, their new reference to paragraphs 186 and 205 of the *Frank* Complaint, *see* Reply at 5 & n.15, is wholly inadequate. Those paragraphs state that "Antigua, through FSRC and King," allegedly undertook certain acts. Obviously, saying Antigua acted "through FSRC and King" is conclusory and offers no particular facts subject to verification through discovery. *Arriba*, 962 F.2d at 533.
[2] 28 U.S.C. § 1602 *et seq.*
[3] *See* Response Opposing Discovery at 7-10; *Frank* Motion to Dismiss at 4-22; *Queyrouze* Motion to Dismiss at 3-19.
[4] Reply at 4.
[5] *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.") (quotation marks omitted).

Plaintiffs attempt to distract from their failure to meet their burden by proposing a new burden-shifting argument based on a misreading of *O'Bryan v. The Holy See*, 556 F.3d 361 (6th Cir. 2009). Plaintiffs contend that under *O'Bryan* the fact that Antigua and Barbuda filed a facial attack is "irrelevant" and that after Plaintiffs alleged an exception to foreign sovereign immunity—by conclusory citation to the FSIA statute—"a foreign sovereign must come forward with evidence, and in so doing must mount a 'factual attack.'" Reply at 4 (citing *O'Bryan*, 556 F.3d at 376-77). This argument is flawed for many reasons including, but not limited to, the following: (1) it is raised too late in the process; (2) it constitutes a misstatement of the non-binding law of another jurisdiction; (3) it provides no basis for this Court to permit discovery; and (4) if true, it would actually be a reason to deny Plaintiffs' request for discovery.

To start, Plaintiffs impermissibly raise this novel burden-shifting argument for the first time in their Reply. *See, e.g.*, *Smith v. Xerox Corp.*, 584 F. Supp. 2d 905, 915 n.18 (N.D. Tex. 2008) (Godbey, J.) ("The Court will not consider an argument raised for the first time in a reply.").

In addition, their argument is premised on a misstatement of the nonbinding law of the Sixth Circuit. In *O'Bryan*, "the district court explained that 'once the *asserted allegations* bring claims within the statutory exceptions to FSIA, the burden then shifts to the party asserting immunity to prove that the exceptions do not apply.'" 556 F.3d at 376 (emphasis in original) (quoting *O'Bryan v. Holy See*, 471 F. Supp. 2d 784, 791 (W.D. Ky. 2007)). When the Holy See appealed the application of this burden-shifting standard to facial motions to dismiss, the Sixth Circuit disagreed—affirming the principle espoused by Antigua and Barbuda and opposed by Plaintiffs. The Sixth Circuit held that "[f]ederal courts have consistently applied the FSIA's burden-shifting process to facial motions to dismiss; in doing so, *courts simply look to the*

3

*general standards for evaluating motions to dismiss pursuant to Rule 12(b)(1) and take the factual allegations of the plaintiff as true.*" *Id.* (emphasis added). The Sixth Circuit then affirmed that district court's conclusion that "*allegations* in plaintiffs' complaint" established the tortious act exception to FSIA immunity. *Id.* In the passage now misrepresented by Plaintiffs, however, both courts reassured the Holy See that it "could still retain immunity if it could prove that the exceptions do not apply"—inherently by later motion that would "presumably amount to a 'factual attack' pursuant to Rule 12(b)(1)." *Id.* at 377. The *O'Bryan* court thus held that if the plaintiffs' allegations give rise to a proper basis for the application of one of the exceptions to FSIA immunity, the defendant has the burden of presenting evidence to counter those allegations. But, nothing in *O'Bryan* suggested that a plaintiff could meet its pleading burden through conclusory citation to the FSIA statute or through vague, conclusory allegations that do not give rise to any FSIA exception and in so doing prematurely shift the burden to the sovereign to prove its immunity after sovereignty-infringing discovery. In short, plaintiffs' must allege *facts* that if true would establish an FSIA exception, not merely cite a bare statute.

Plaintiffs' misinterpretation of *O'Bryan* is not a basis to ignore clear Fifth Circuit precedent. Plaintiffs' position is contradicted by numerous cases in which the courts—in the Fifth Circuit and elsewhere—have considered a facial attack on the allegations regarding the applicability of a particular exception to FSIA immunity without permitting discovery. *See* Response Opposing Discovery at 6-10 (citing, e.g., *Arriba*, 962 F.2d at 534).[6]

Even more, under Plaintiffs' novel but incorrect burden-shifting argument, Plaintiffs contend that because they cited the FSIA statute "the issue is now being joined at the fourth step

---

[6] *Accord, e.g.*, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009); *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1127 (D.C. Cir. 2004); *Peterson v. Islamic Republic of Iran*, 563 F. Supp. 2d 268, 274 (D.D.C. 2008); *Belhas v. Ya'alon*, 466 F. Supp. 2d 127, 133 (D.D.C. 2006); *Berces v. Kombinat*, No. 94 Civ 3381, 1995 WL 640486, at *1 (S.D.N.Y. Oct. 31, 1995).

of the FSIA jurisdictional analysis: whether Antigua and Barbuda can carry its burden of proof in demonstrating that an exception to FSIA does *not* apply."[7] This analysis is illogical in the context of their request for discovery and is a basis to *deny* their requested relief. If, as Plaintiffs' argue, the allegations in their Complaints and the two previously unalleged extrinsic waivers are sufficient to meet Plaintiffs' burden, then they need no discovery because they have purportedly met their burden. The Motions to Dismiss set forth the reasons why the Complaints fail to meet Plaintiffs' threshold burden, and as discussed in the Response Opposing Discovery and more fully below, the express waivers do not cure the inadequacies. Antigua and Barbuda respectfully requests that the Court reject Plaintiffs' tardy and deficient argument, deny Plaintiffs' Discovery Motion, and dismiss each case on the grounds set forth in the Motions to Dismiss.

**2.     Plaintiffs attempt to distract the Court from their initial burden by claiming that inapplicable waivers in legally irrelevant contracts apply to their fraudulent transfer claim.**

The two express waivers of sovereign immunity cited by Plaintiffs are legally inadequate to support either jurisdiction or jurisdictional discovery. Plaintiffs assert that the express waivers of sovereign immunity contained in a contract between Antigua and Barbuda and Stanford Financial Group ("SFG") and in a Cabinet authorization of a contract between Antigua and Barbuda and Bank of Antigua are alone sufficient to entitle Plaintiffs—who are strangers to both documents—to discovery concerning the scope of those waivers, existence of other waivers, and (when combined with Stanford's base of operations in the United States) the scope of commercial activities.[8] While Antigua and Barbuda explained the legal fallacy of these claims in

---

[7] Reply at 6.
[8] *Id.* at 7.

5

its Response Opposing Discovery and Motions to Dismiss,[9] here, it briefly refutes Plaintiffs' new contention that the waivers directly apply to their fraudulent transfer claim in the *Frank* case.[10] This argument is flawed as a matter of law.[11]

The waivers are narrow, expressly limited to their terms, and do not apply to Plaintiffs' claims. Under FSIA, "explicit waivers of sovereign immunity are narrowly construed 'in favor of the sovereign' and are not enlarged 'beyond what the language requires.'" *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002).[12] The scope of the waiver is a legal conclusion for which discovery is unnecessary. *Id.* Plaintiffs' attempt to apply the waivers to their fraudulent transfer claims in this case fails. Plaintiffs are not suing on the loans or the documents, but to void them. It is also a non sequitur that plaintiffs may

---

[9] *Frank* Motion to Dismiss at 14-20; *Queyrouze* Motion to Dismiss at 7-17; Response Opposing Discovery at 16-17. For example, Antigua and Barbuda fully briefed why Antigua and Barbuda's lending history does not qualify under the commercial activity exception. *Frank* Motion to Dismiss at 14-20. It is noteworthy that Plaintiffs argue with manifest error that a "commercial lending relationship between a United States-based financial institution and a foreign government subjects the foreign government to jurisdiction under FSIA." Reply at 6. There is no such FSIA exception. Plaintiffs' summary of the law omits, *inter alia*, both the "action is based upon" element and the "direct effect" element of the commercial activity exception. To be clear, Plaintiffs do not limit their obfuscation to an incorrect summation of the legal standard, as their application omits essential elements as well. They claim that "the loan agreements themselves show that Antigua entered into a commercial lending relationship with a United States-based financial institution, and therefore is subject to the commercial activities exception." Reply at 8. Plaintiffs plainly fail to confront Antigua and Barbuda's simple explanation that Plaintiffs' claims are not and cannot be <u>based upon</u> any indebtedness of Antigua and Barbuda because they are not suing for failure to repay that indebtedness, and, even if they somehow were, that indebtedness did not have a <u>direct effect</u> in the United States.

[10] In their Reply, Plaintiffs do not set forth any grounds whatsoever for discovery to be conducted in the *Queyrouze* case. As noted in the Response Opposing Discovery, the *Frank* case and the *Queyrouze* case are two different lawsuits covering different time periods and different alleged acts by Antigua and Barbuda and others. Accordingly, Plaintiffs claims and allegations regarding jurisdiction in each case must stand alone.

[11] Plaintiffs do not attempt to assert that the express waivers directly apply to their racketeering and fraud claims or any of the claims in the *Queyrouze* case. Nor can they. *See World Wide Minerals, Ltd.*, 296 F.3d at 1162-63 (rejecting extension of express waivers "to the miscellany of tort and tort-like claims" arising from exogenous law, including RICO). In arguing that the these other claims were also tied to the loans based on "the purpose of all of Stanford's operations" and based on "the totality of the Stanford scheme," Reply at 8, Plaintiffs reveal that they are trying to breach Antigua and Barbuda's immunity not based on any act of Antigua and Barbuda, but on the acts of others. Plaintiffs' plan all along has been to blur the limits on this Court's jurisdiction through group pleading, conclusory allegations, innuendo, and speculation.

[12] *See, e.g.*, *Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1292 (11th Cir. 1999) (requiring "a clear, complete, unambiguous, and unmistakable" waiver); *Maritime Int'l Nominees Establishment v. Republic of Guinea*, 693 F.2d 1094, 1100 n. 10 (D.C. Cir. 1982) (requiring waivers of a "specific and explicit nature").

challenge contracts as fraudulent as "void" while at the same time claiming the benefit of their terms.[13] Their claims do not fall within the terms of the contracts and the waivers.[14]

Finally, the Court should reject Plaintiffs' argument that the existence of inapplicable express waivers somehow permits the Court to infringe sovereign immunity under some chimerical balancing test based on the "specific facts of this case."[15] Plaintiffs' argument is simply impermissible attempt to extend the waivers beyond their express terms.[16]

In addition, Plaintiffs' claims cannot be based on these loans because they do not have standing to assert fraudulent transfer claims to recover "*money loaned to Antigua, but which has not been repaid*" or to assert that the loan agreements are "void as against Stanford and Stanford's creditors."[17] The Fifth Circuit has unequivocally held that "[a]n action under the Fraudulent Transfer Act is essentially one for property that belongs to the debtor and which the debtor has fraudulently transferred in an effort to put it out of the reach of creditors." *MortgageAmerica Corp. v. Am. Nat'l Bank of Austin*, 714 F.2d 1266, 1275 (5th Cir. 1983). Such claims for avoidance shall only be brought "by the trustee in bankruptcy for the benefit of all creditors equally." *Id.* at 1272. For these reasons, this Court in this case enjoined the filing of

---

[13] *E.g., Pitman v. Lightfoot*, 937 S.W.2d 496, 522-23 (Tex. App.—San Antonio 1996) ("Stated simply, if a person who has fraudulently been made a party to a contract continues to receive the benefits of the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such a manner as to recognize the contract as existing and binding, he thereby affirms the contract and waives his right to a rescission.") (citing *Daniel v. Goesl*, 341 S.W. 2d 892, 895 (Tex. 1960)).
[14] *See World Wide Minerals*, 296 F.3d 1162 n.14 (holding that "the waivers do not apply to all of [plaintiffs'] claims [because] these agreements contains a provision limiting the agreement's scope").
[15] Reply at 9.
[16] Indeed, Plaintiffs contention that the Court must undertake a "balancing of the parties' relative interests in obtaining or resisting jurisdictional discovery" is unsupported in law. Reply at 9. Plaintiffs cite no law for this proposition, instead trying to justify it on Antigua and Barbuda's statement that: "Jurisdictional discovery would necessarily infringe on [FSIA] statutory immunity, and the Court must weigh that sovereign interest heavily against any request for discovery." *Frank* Mot. to Dismiss at 1. That Antigua and Barbuda's sovereign immunity weighs heavily against discovery does not intimate that a balancing test is appropriate. The burdens mandated by the Fifth Circuit are clear—before jurisdictional discovery is available, a plaintiff must allege facts that would support a FSIA exception if verified through discovery.
[17] Reply at 7-8 (quotation marks omitted, emphasis in original).

any such actions in the order appointing the Receiver.[18] The order is clear: "Creditors and all other persons are hereby restrained and enjoined, without prior approval of the Court, from: Any act to obtain possession of the Receivership Estate assets."[19] To the best of Antigua and Barbuda's knowledge, Plaintiffs have not obtained that leave. Accordingly, they cannot base their claims—for purposes of exceptions to FSIA immunity or otherwise—on the express contractual provisions between Antigua and Barbuda and SFG or Bank of Antigua.

### 3. Plaintiffs retreat from their prior improper requests for discovery; but fail to provide the Court with a meritorious reason to allow *any* discovery.

Plaintiffs now fully retreat from the demands of their Discovery Motion—but offer not a glimmer of the concessions that the retreat must entail. After first claiming entitlement to broad discovery on multiple topics,[20] Plaintiffs now recast their requests and ask the Court to permit them first to consult with Antigua and Barbuda. This apparent overture by Plaintiffs to Antigua and Barbuda should have been advanced prior to Plaintiffs filing their Motion for Discovery, and should now be seen as a last ditch attempt to obtain discovery. Of course, Plaintiffs do not formally relinquish the right to request equally broad discovery after their consultation. Instead,

---

[18] Sec. Am. Order Appointing Receiver, *S.E.C. v. Stanford Int'l Bank Ltd.*, No. 3:09-cv-00298-N, (N.D. Tex. July 19, 2010) (Doc. No. 1130).

[19] *Id.* at ¶ 10. The "Receivership Estate" is defined to include Receivership Assets, which are "the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the Defendants [including Stanford] and all entities they own or control." *Id.* at ¶¶ 1, 2. Any claims for the right to repayment of money allegedly loaned to Antigua and Barbuda that has not been repaid belong to the respective companies, either SFG or Bank of Antigua, and thus—to the extent subject to any claims arising from Stanford's frauds—are now under the control of the Receiver or Liquidator.

[20] *E.g.,* Discovery Motion at 11 ("Plaintiffs respectfully submit that they are entitled to jurisdictional discovery to fully explore the scope of these waivers, and the extent to which other express or implied waivers exist that are relevant to these claims."); *id.* at 14-15 ("Plaintiffs therefore are entitled to jurisdictional discovery into the FSRC's alleged independence from the Antiguan government and the "day-to-day management," of the FSRC"); *id.* at 15 ("Plaintiffs are entitled to jurisdictional discovery on Antigua's appointment, supervision, and oversight of King"); *id.* at 16 ("Plaintiffs are entitled to discovery concerning the ways in which those activities implicate the commercial activities exception of the FSIA and support jurisdiction over Antigua."); *id.* at 18 ("Plaintiffs must be permitted to conduct jurisdictional discovery into the post-expropriation ownership of the properties at issue and the commercial activities of the Antiguan agency or agencies, or instrumentalities, that hold or held such properties.").

Plaintiffs statements that they are "confident"[21] that they can craft discovery to avoid disputes misses the point—they have failed to articulate any facts they would use discovery to verify. The lack of sufficient and specific factual allegations that would provide inherent limits on what Plaintiffs seek to verify is the cause of Plaintiffs' inability to date to articulate any limits on their proposed discovery. Because it is symptomatic of Plaintiffs' failure to demonstrate entitlement to *any* discovery, Antigua and Barbuda's "concerns over the scope of discovery" are valid and unavoidable grounds to deny the Discovery Motion—but not the only ones.[22]

Respectfully, before the Court can order discovery in *Frank* in any form or scope, it must hold that the Complaint in *Frank* alleges sufficient facts to be confirmed by discovery. *See Arriba*, 962 F.2d at 534. And, before the Court can order discovery in *Queyrouze* in any form or scope, it must hold that the Complaint in *Queyrouze* alleges sufficient facts to be confirmed by discovery. *See id.* at 534. This threshold determination can be made from the face of these Complaints, which show that no such facts are pleaded.

### CONCLUSION

For the foregoing reasons, in addition to the reasons set forth in the Response Opposing Discovery and Antigua and Barbuda's Motions to Dismiss, Plaintiffs Discovery Motion should be denied, and Antigua and Barbuda's Motions to Dismiss should be granted.

February 15, 2011.

---

[21] Reply at 10.
[22] Indeed, again in their Reply, Plaintiffs contend that they wish "to explore, through discovery, how far that [express] waiver extends, and whether a basis exists for invoking the implicit waiver provisions of FSIA." Reply at 9. Of course, they have not alleged any implied waiver that could be verified in discovery—they seek to determine "whether a basis exists." This is still an unbounded and patently overbroad request.

        Respectfully submitted,

        HOGAN LOVELLS US LLP

     By: */s/ Tom Bayko*
        Tom Bayko
        State Bar No. 01864500
        Trevor Jefferies
        State Bar No. 00790963
        Joshua Newcomer
        State Bar No. 24060329
        700 Louisiana Street, Suite 4300
        Houston, Texas 77002
        Telephone: (713) 632-1425
        Facsimile: (713) 583-6021

        David Dunn (*pro hac vice pending*)
        875 Third Avenue
        New York, NY 10022
        Telephone: (212) 918-3515
        Facsimile: (212) 918-3100

## CERTIFICATE OF SERVICE

On February 15, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

| | |
|---|---|
| Paul B Lackey | Gregory A Blue |
| Email: pbl@lhlaw.net | Email: gblue@mfbnyc.com |
| Jamie R Welton | Peter D Morgenstern |
| Email: jrw@lhlaw.net | Email: pmorgenstern@mfbnyc.com |
| LACKEY HERSHMAN | MORGENSTERN & BLUE LLC |
| 3102 Oak Lawn Ave | 885 Third Ave |
| Suite 700 | New York, NY 10022 |
| Dallas, TX 75219 | 212/750-6776 |
| 214/560-2206 | Fax: 212/208-6870 |
| Fax: 214/560-2203 | |

        */s/ Tom Bayko*
        Tom Bayko