IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN QUEYROUZE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0304-N |
| | § | |
| BANK OF ANTIGUA, *et al.*, | § | |
| | § | |
| Defendant. | § | |

### ORDER

This Order addresses Defendant the Commonwealth of Antigua and Barbuda's ("Antigua")[1] motion to dismiss [6]. Because Plaintiffs lack standing to assert claims based on the alleged conversion of the Bank of Antigua, the Court grants the motion.

This action arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). This action is substantially similar to *Frank v. Commonwealth of Antigua & Barbuda*, 3:09-CV-2165-N (N.D. Tex. filed Nov. 13, 2009) (the "Frank Suit"), and this order assumes familiarity with the operative facts of the Frank Suit. *See* Order 1–3, June 26, 2015 [72], *in* the Frank Suit. Plaintiffs in this action and plaintiffs in the Frank Suit view their cases as overlapping and have briefed the respective motions to dismiss in the two cases as such. *See* Pls.' Resp. Mot. Dismiss 5 & n.3 [36] (annexing facts alleged in the Frank Suit's complaint to the Plaintiffs'

---

[1] Antigua notes that it has been improperly named as "Commonwealth of Antigua and Barbuda." Its official name is in fact "Antigua and Barbuda."

ORDER – PAGE 1

response in this action). However, the actions have not been formally consolidated, and Plaintiffs in this action assert different claims from those asserted in the Frank Suit. Importantly, Plaintiffs' claims in this action are based entirely on Antigua's alleged seizure of the Bank of Antigua, a former Stanford entity. *See* Compl. ¶¶ 55–82. Thus, while the plaintiffs in the Frank Suit maintained a tort claim for aiding and abetting fraud in addition to their fraudulent transfer claims, Plaintiffs here seek recovery based only on the alleged conversion of the Bank of Antigua.

Here, as in the Frank Suit, Antigua moves for dismissal of Plaintiffs' claims based on the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 (the "FSIA"). The Court denied that motion in the Frank Suit, concluding that Antigua's acts supporting the plaintiffs' tort claims were undertaken in connection with Antigua's commercial activities, and had a direct effect in the United States, thus satisfying the FSIA's "commercial activities" exception to sovereign immunity. *See* Order 8–14, June 26, 2015, *in* the Frank Suit. However, the Court also determined in the Frank Suit that neither the FSIA's "waiver" exception nor its "expropriation" exception applied to the plaintiffs' TUFTA fraudulent transfer claims, in large part because the plaintiffs there did not have standing to assert claims based on Antigua's conversion of the Bank of Antigua. *See id.* at 5–8, 14–15 & n.4.

Plaintiffs here argue that the FSIA's waiver exception, its commercial activities exception, and its expropriation exception apply to their claims against Antigua. *See* Pls.' Resp. Mot. Dismiss 26–33. Without ruling on the applicability, if any, of the FSIA exceptions claimed by Plaintiffs here, the Court dismisses Plaintiffs' claims because they

each seek to recover for Antigua's alleged conversion of the Bank of Antigua and its assets.[2] The Court has previously held that investor–plaintiffs lack standing to assert claims based on the wrongful conversion of Stanford's assets. *See* Order 7 & n.4, June 26, 2015, *in* the Frank Suit (citing Order 7–8, Apr. 21, 2015 [234], *in Rotstain v. Trustmark Nat'l Bank*, Civil Action No. 3:09-CV-2384-N (N.D. Tex. filed Dec. 15, 2009)). Accordingly, Plaintiffs here cannot recover on their claims. The Court thus dismisses Plaintiffs' complaint with prejudice.

Signed July 15, 2015.

David C. Godbey
United States District Judge

---

[2] The Court may address Plaintiffs' standing concurrently with Antigua's FSIA immunity defense because statutory standing is jurisdictional, and the Court may consider it simultaneously with other challenges to subject matter jurisdiction. *See Ass'n of Battery Recyclers, Inc. v. E.P.A.*, 716 F.3d 667, 676–77 (2d Cir. 2013) (Silberman, J., concurring) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2 (1998)).